UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| Wendy Trahan<br><br>　　Plaintiff,<br><br>v.<br><br>Global Credit & Collection Corporation<br><br>　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## **PARTIES**

1. Plaintiff is a natural person who resided in Houma, LA at all times relevant to this action.

2. Defendant is a Delaware corporation that maintained its principal place of business in Williamsville, NY at all times relevant to this action.

## **JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## **STATEMENT OF FACTS**

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Capital One Services, LLC, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around January 14, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt and left a voice message.

14. On or around January 14, 2011, Plaintiff telephoned Defendant in response to the above mentioned message.

15. During this communication, Defendant threatened to sue Plaintiff if Plaintiff did not satisfy the debt.

16. At the time of this communications, Defendant had neither the intent nor ability to sue Plaintiff.

17. On or around February 8, 2011, Defendant telephoned Plaintiff's mother ("Janell").

18. During this communication, Defendant falsely represented to Janell that there was a pending legal matter against Plaintiff.

19. On or around February 8, 2011, Defendant telephoned Plaintiff's father ("Gary") at Gary's place of employment and left a voice message.

20. During this communication, Defendant falsely represented to Gary that Defendant was calling for Plaintiff regarding a breach of agreement.

21. Defendant caused Plaintiff emotional distress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

24. In support hereof, Plaintiff incorporates paragraphs 17-20 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

26. In support hereof, Plaintiff incorporates paragraphs 13-20 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Defendant violated 15 U.S.C. §1692e5 by threatening to take action that cannot legally be taken an/or was not intended to be taken.

28. In support hereof, Plaintiff incorporates paragraphs 14-16 as if specifically stated herein.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                        RESPECTFULLY SUBMITTED,


                        By:_____/s/___Greta L. Wilson_____
                        Greta L. Wilson
                        Atty Bar #19834
                        Macey & Aleman, P.C. – Of Counsel
                        3535 Canal Street
                        New Orleans, LA 70119
                        Telephone: (866) 339-1156
                        Fax: (312) 822-1064